The document below is hereby signed.

Signed: March 18, 2019



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHELLEY EVELYN SLOAN, | ) | Case No. 18-00676 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SHELLEY EVELYN SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. |
| NATIONSTAR MORTGAGE, LLC | ) | 19-10001 |
| d/b/a/ MR. COOPER, *et. al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION RE MOTION TO DISMISS

The plaintiff, Shelley Evelyn Sloan, has filed a complaint that is a consistent string of rambling, conclusory allegations that make no sense. The defendants, Nationstar Mortgage, LLC d/b/a Mr. Cooper and U.S. Bank National Association, not in its individual capacity but solely as Trustee for NRZ Pass-Through Trust VIII, have filed a *Motion to Dismiss* (Dkt. No. 4) pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of the complaint for failure to state a claim upon which relief may be granted.

That motion will be granted.

A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court will dismiss a complaint if it does not plead sufficient facts to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007) (internal cites deleted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[T]he Court [does] not requir[e] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. The Supreme Court has explained this plausibility standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

The plaintiff seeks to "value the interest" of the defendant's secured claim, but the complaint does not suggest there is any issue as to the sufficiency of the value of the collateral at issue to make the claim a fully secured claim. Instead, the request to "value the interest" turns on the conclusory allegations that the claim is invalid (*e.g.*, overstated). There are no non-conclusory allegations of fact setting forth any basis for not allowing the full amount of the claim.

Moreover, the statements of fact are anything but short and plain. The facts are a list of unrelated mortgage loans and satisfactions that at best, create confusion, and, at worst, mislead the court. There are no facts connecting the defendants' secured claim with any of the unrelated mortgages and satisfactions, unrelated parties, or alleged actions of those unrelated parties listed in the confusing statement of facts to create any hint of the plausibility of wrongdoing or an issue with the value of the defendants' secured claim.

The complaint does not state a claim upon which relief can be granted. An order follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: Recipients of e-notifications of order.